**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CONCEPCION CARRILLO,

Petitioner,

v.

ERIC H. HOLDER JR., Attorney General,

Respondent.

No. 09-73777

B.I.A. No. A076-804-563

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 11, 2011
Seattle, Washington

Before: GRABER and M. SMITH, JR., Circuit Judges, and BENITEZ,[**] District
    Judge.

Petitioner Concepcion Carrillo, a native and citizen of Mexico, seeks review

of the Board of Immigration Appeals' decision upholding the immigration judge's

denial of her request for a waiver of inadmissibility and for adjustment of status to

that of legal permanent resident.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Roger T. Benitez, United States District Judge for the
Southern District of California, sitting by designation.

On January 30, 1998, Petitioner was stopped at the United States-Mexico border and removed pursuant to 8 U.S.C. § 1225. Petitioner later entered the United States without admission or parole in February or March of 1998. She has not departed from the United States since that time.

Because Petitioner is illegally present in the United States after having been previously removed, she is inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i)(II). She argues, however, that she is entitled to a waiver of inadmissibility under 8 U.S.C. § 1182(a)(9)(C)(ii). That section provides an exception to inadmissibility if 10 years have passed since the alien's last departure and if the alien obtains the Secretary of the Department of Homeland Security's consent to reapply for admission before reentering the United States.

In light of our decision in Carrillo de Palacios v. Holder, No. 09-72059, filed this date, Petitioner is not entitled to a waiver of inadmissibility—nunc pro tunc or otherwise—because, although 10 years have elapsed since she last departed the United States, she did not remain outside the United States for at least 10 years before reentry. We therefore deny the petition.

Petition DENIED.